## BAGLEY v. ROWLAND.

RES JUDICATA: *Same matter but not same parties.*

> Mrs. Rowland during her infancy conveyed a tract of land to Bagley, and after her maturity resold and conveyed it to Fletcher, who had notice of the prior sale to Bagley. Bagley filed his bill against Fletcher to cancel Fletcher's deed and quiet his own title. His bill was dismissed on the ground that the last deed was a disaffirmance of, and avoided Bagley's. Afterwards Bagley filed his bill against Mrs. Rowland concerning the same land, and substantially renewing the same litigation. Its object was to obtain a reformation of her acknowledgment: *Held*, That the matter of the bill was *res judicata;* his right to the land was the matter involved in the former case.

APPEAL from *Saline* Circuit Court in Chancery.
Hon. T. C. PEEK, Circuit Judge.

*Paul Bagley, pro se.*
1. The judgment is void for uncertainty.

2. The court erred in sustaining a general demurrer to the bill.

3. The court erred in deciding the cause *res judicata.*

*John Fletcher* for appellee.

1. Courts of equity do not reform married women's deeds. *39 Ark., 120; 1 Bish. on Married Women, sec. 599; 32 Ark., 450.*

2. The matter was *res judicata. 38 Ark., 457; 10 Ib., 186; 13 Ib., 103; 14 Ib., 304; 11 Ib., 151; 22 Ib., 176; 24 Minn., 4; 49 Texas, 243.*

EAKIN, J. This suit was begun in the Saline Circuit Court in chancery, after the decree there in the case of Bagley v. Fletcher, which has just been decided here. Reference is made to that case for the facts. It concerns the same land and substantially renews the same litigation. The object is to obtain a reformation of Mrs. Rowland's acknowledgment, but if that were done, it would not have bettered the complainant's case which had been decided adversely to him on other grounds. The matter in the court below was *res judicata,* and his right to the land was the matter involved in the appeal of the other case. This bill was properly dismissed.

Affirm.